UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC GATHIGI and N.M.G., a minor,<br>Plaintiffs,<br><br>v.<br><br>CITY OF WOONSOCKET,<br>WOONSOCKET POLICE<br>DEPARTMENT, and OFFICER<br>EDWARD J. DOURA, in his official<br>and individual capacities,<br>Defendants. | C.A. No. 18-293-JJM-LDA |

ORDER

Defendants the City of Woonsocket, the Woonsocket Police Department, and Officer Edward J. Doura[1] have filed a Motion to Dismiss (ECF No. 8) Plaintiff's Amended Complaint ("complaint") (ECF No. 4).

While the complaint is at times difficult to follow, the Court deciphers the following relevant facts. In essence, Eric Gathigi asserts that the Woonsocket Police falsely arrested him for domestic assault without probable cause.[2] On November 27, 2016, at approximately 4:00 p.m., the mother of Mr. Gathigi's daughter told the police that Mr. Gathigi had assaulted her. She had taken a video of the encounter with her cell phone; Officer Doura, who took the police report, noted that the video was inconclusive.

---

[1] Mr. Gathigi named, but has not yet served, Officer Doura. Officer Doura nevertheless joins the motion to dismiss. *See* ECF No. 8-1 at 4 n.2.

[2] Mr. Gathigi filed a previous case involving this incident that the Court dismissed. *Gathigi v. City of Woonsocket*, No. 18-cv-247-JJM-LDA (D.R.I. June 11, 2018).

The following morning at approximately 7:00 a.m., Woonsocket Police arrested Mr. Gathigi without a warrant based on the alleged victim's statement. The police held Mr. Gathigi for ten hours before they released him after a bail hearing. He was without food for the entire period. The City of Woonsocket arraigned him for assault and domestic assault. After a trial, the court found him not guilty.

Mr. Gathigi alleges that Woonsocket Police mistreated him for a number of reasons. First, he asserts that the police falsely arrested him. Second, he alleges that Officer Doura was involved in a property dispute that involved one of Mr. Gathigi's relatives, creating a conflict of interest. Third, he claims that the police discriminated against him based on his race and accent.[3]

Based on these facts, Mr. Gathigi alleges that the police violated his constitutional and statutory rights, common law falsely arrested him, and subjected him to abuse of process and negligence. He also attempts to assert claims on behalf of his minor daughter.

### 1. *Claims on behalf of minor child*

Mr. Gathigi, *pro se*, purports to bring this action both on his own behalf and on behalf of his minor daughter N.M.G. Mr. Gathigi does not make any allegations of conduct by the Defendants against his daughter. Even if he did, the Court must dismiss any claims by her. A *pro se* litigant generally cannot bring a cause of action on behalf of anyone other than himself, including his minor child. *See Winkelman ex*

---

[3] Mr. Gathigi's sole allegation of racial animus is that the police asked him if he was a citizen. That fact alone does not support any allegation that race played a role in Mr. Gathigi's arrest or treatment.

2

*rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007). In addition, our local rules mandate that an "individual appearing *pro se* may not represent any other party." LR Gen 205(a)(2). Therefore, the Court dismisses N.M.G. as a plaintiff and dismisses all claims on her behalf without prejudice.

### 2. *Woonsocket Police Department*

The Woonsocket Police Department is not a proper party to this suit because it is a department or a subdivision of the City of Woonsocket. "[A] subdivsion of a larger organization is not a proper party to a suit." *Jacobowitz ex rel. MJ v. YMCA of Greater Providence Bayside YMCA Branch*, No. 15-345 S, 2016 WL 1259397, at *3 (D.R.I. Mar. 30, 2016). Therefore, the Court dismisses the "Woonsocket Police Department" as a defendant.

### 3. *Claims by Eric Gathigi against the City of Woonsocket and Officer Doura*

The Court first enunciates some axioms of law in how it reviews this motion. The Court takes all plausible facts from the complaint as true, but does not accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Gathigi is a *pro se* litigant, the Court holds his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

All of Mr. Gathigi's claims rest on his assertion that the Woonsocket Police falsely arrested him for domestic assault without probable cause. The thrust of his complaint is that the Woonsocket Police based its arrest decision on a report by

Officer Doura, who had a conflict of interest,[4] and admitted in his report that the video taken by the alleged victim was "inconclusive regarding what occurred during the incident." In further support, Mr. Gathigi asserts that he was found not guilty after a trial on the charges.

First, Mr. Gathigi's complaint fails as to the City of Woonsocket. To state a claim against the City, Mr. Gathigi would have to allege that his injuries were because of a city custom or policy. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690–91 (1978). Mr. Gathigi fails to make any such plausible allegations.

Additionally, any claims against Officer Doura must also fail. "An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). "[T]he law is clear that once police officers are presented with probable cause to support an arrest, no further investigation is required at that point." *Forest v. Pawtucket Police Dep't*, 377 F.3d 52, 57 (1st Cir. 2004). "The probable cause standard does not require the officers' conclusion to be ironclad, or even highly probable. Their conclusion that probable cause exists need only be reasonable." *Id.* at 56 (quoting *U.S. v. Winchenbach*, 197 F.3d 548, 555–56 (1st Cir. 1999)).

The alleged victim (the mother of Mr. Gathigi's child) informed police officers that Mr. Gathigi had physically assaulted her. Specifically, she informed the officer:

> At about 4 p.m., I went outside to meet with Eric Gathigi who was dropping off our two year old daughter [N.M.G.]. Eric handed the child over to me, I took her in my arms, turned around and Eric pulled the

---

[4] Mr. Gathigi makes vague accusations of a conflict of interest based on Officer Doura's family member's involvement in a civil dispute. These unsupported allegations are not plausible and therefore the Court does not consider them.

4

bath towel wrapped around my head back towards him. My head went back, straining my neck. I told him that's assault and I was calling the police. He left without saying anything.

ECF No. 4-1 at 6.

The victim's statement supports the conclusion that she had been the victim of an assault and/or the victim of an act intended to cause her serious bodily injury. Officer Doura's report citing the allegations of the alleged victim is sufficient to support probable cause.[5] "[P]robable cause determinations predicated on information furnished by a victim are generally considered to be reliable." *B.C.R. Transp. Co. v. Fontaine*, 727 F.2d 7, 10 (1st Cir. 1984). Moreover, the Rhode Island Domestic Violence Act offers further basis for Mr. Gathigi's arrest. Under that statute, an officer responding to a domestic violence situation "shall arrest and take into custody the alleged perpetrator of the crime when the officer has probable cause to believe" that "[a]n assault that that has resulted in bodily injury to the victim, whether or not the injury is observable by the responding officer," or "[p]hysical action that was intended to cause another person to reasonably fear imminent serious bodily injury," has occurred. R.I. Gen. Laws § 12-29-3(b)(1)(ii) & (iii).

Because each of Mr. Gathigi's causes of action is predicated on his assertion that he was arrested without probable cause, and because there are no plausible allegations that he was arrested without probable cause, his action fails.[6]

---

[5] Mr. Gathigi argues that Officer Doura reported the video was inconclusive. However, he did not report that the video discredited the alleged victim's statement.

[6] Mr. Gathigi also alleges an Eighth Amendment violation because the police held him for ten hours awaiting a bail hearing. The police holding Mr. Gathigi for

5

The Court GRANTS the Defendants' Motion to Dismiss. ECF No. 8.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

August 8, 2018

---

less than a day and granting him bail on the same day of his arrest is not a violation of the Eighth Amendment. The Court dismisses that claim.